UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 25-227 (LMP)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LORRAINE COMBS,

    Defendant.

**PLEA AGREEMENT AND SENTENCING STIPULATIONS**

The United States of America and the defendant, Lorraine Combs, agree to resolve this case on the terms and conditions that follow.  This plea agreement binds only the defendant, the United States Attorney's Office for the District of Minnesota, and the Public Integrity Section of the U.S. Department of Justice's Criminal Division (hereinafter "the United States" or "the Government").  This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

    1.    **Charges**.  The defendant agrees to plead guilty to Count One of the Information, which charges the defendant with conspiracy to commit voter registration fraud, in violation of 18 U.S.C. § 371 and 52 U.S.C. § 20511(2)(A).  The defendant fully understands the nature and elements of the crime with which she has been charged.

1

Upon imposition of sentence, if there are remaining counts, the government agrees to move to dismiss those remaining charges against the defendant contained in the Information.

2.      **Factual Basis.** The defendant is pleading guilty because she is in fact guilty of Count One of the Information. In pleading guilty, the defendant admits the following facts and that those facts establish her guilt beyond a reasonable doubt and constitute relevant conduct pursuant to the United States Sentencing Guidelines:

Beginning in or about 2021 and continuing until in or about 2022, in the District of Minnesota and elsewhere, the defendant Lorraine Combs did knowingly and willfully combine, conspire, and agree with Individual 1 to engage in voter registration fraud, in violation of Title 52, United States Code, Section 20511(2)(A). Specifically, the defendant and Individual 1 conspired with each other to knowingly and willfully deprive, defraud, and attempt to deprive and defraud the residents of the State of Minnesota of a fair and impartially conducted election process, in an election for federal office, by procuring and submitting voter registration applications that they knew to be materially false, fictitious, and fraudulent under Minnesota law to various counties in the State of Minnesota. The defendant and Individual 1 also each undertook at least one overt act in furtherance of the conspiracy, all in violation of Title 18, United States Code, Section 371.

In 2021 and 2022, Foundation 1 was an entity seeking to register voters in the State of Minnesota.

In 2021 and 2022, Individual 1 worked as a paid contractor assisting Foundation 1 with this voter registration campaign.

At all relevant times, the defendant was the long-time romantic partner of Individual 1.

Between in or about 2021 and 2022, Individual 1 and the defendant agreed to and did in fact submit hundreds of voter registration applications that were materially false, fictitious, and fraudulent under Minnesota law to Foundation 1, knowing and intending that the applications would in turn be submitted to Minnesota election offices for processing.

Individual 1 and the defendant would generate fictitious names, addresses, dates of birth, telephone numbers, and social security numbers. They would then fill out voter registration applications with this false information. Individual 1 or the defendant would then sign a form certifying that they "have read and understand this statement" and "that giving false information is a felony punishable by not more than 5 years imprisonment or a fine of not more than $10,000, or both." Individual 1 would then provide the completed forms to Foundation 1, through its agents.

Although the defendant did not directly submit the false voter registration applications to county election offices, Foundation 1, through its

agents, submitted these false voter registration applications to over 10 county election offices across the State of Minnesota.

Foundation 1, in turn, paid Individual 1 for his work. Individual 1 split the proceeds with the defendant.

The defendant admits that on or about September 30, 2022, she completed a false voter registration application in the name of "Brad Montly."

A fingerprint analysis undertaken by the Federal Bureau of Investigation ("FBI") determined that the defendant's fingerprints were present on numerous fraudulent voter registration applications.

In September 2024, the defendant admitted her participation in the scheme to agents with the FBI.

3.  **Waiver of Indictment.** The defendant waives the right to be charged by Indictment. The defendant agrees to sign a written waiver of this right at the change-of-plea hearing.

4.  **Waiver of Pretrial Motions**. The defendant understands and agrees that the defendant has certain rights to file pre-trial motions. As part of this plea agreement, and based upon the concessions of the United States within this plea agreement, the defendant knowingly, willingly, and voluntarily gives up the right to have any pending motions resolved and to file any additional pre-trial motions in this case. The defendant agrees that, by pleading guilty, she is withdrawing any motions previously filed.

5. **Waiver of Constitutional Trial Rights.** The defendant understands that she has the right to go to trial. At trial, the defendant would be presumed innocent, have the right to trial by jury or, with the consent of the United States and of the Court, to trial by the Court, the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses, the right to subpoena witnesses to testify for the defense, the right to testify and present evidence, and the right to be protected from compelled self-incrimination. The defendant understands that she has the right to an attorney at every stage of these proceedings and, if necessary, one will be appointed to represent her. The defendant understands that she has the right to persist in a plea of not guilty and, if she does so, she would have the right to a public and speedy trial. By pleading guilty, the defendant knowingly, willingly, and voluntarily waives each of these trial rights, except the right to counsel. The defendant understands that a guilty plea is a complete and final admission of guilt and, if the Court accepts the guilty plea, the Court will adjudge the defendant guilty without a trial.

6. **Additional Consequences**. The defendant understands that as a result of this conviction, the defendant could experience additional collateral consequences, such as the loss of the right to carry firearms, the right to vote, and the right to hold public office. If the defendant is not a United States citizen, as a result of a plea of guilty, the defendant may be removed from the

United States, denied citizenship, and denied admission to the United States in the future. The defendant has discussed with her attorney the punishments and consequences of pleading guilty, understands that not all of the consequences can be predicted or foreseen, and still wants to plead guilty in this case.

7. **Statutory Penalties.** The defendant understands that Count One of the Information, charging conspiracy to commit voter registration fraud in violation of 18 U.S.C. § 371 and 52 U.S.C. § 20511(2)(A) is a felony offense that carries the following statutory penalties:

    a. a maximum of five years in prison;

    b. a supervised release term of up to three years;

    c. a maximum fine of $250,000; and

    d. a mandatory special assessment of $100 under 18 U.S.C. § 3013(a)(2)(A).

8. **Guidelines Calculations.** The parties acknowledge that the defendant will be sentenced in accordance with 18 U.S.C. § 3551, *et seq*. Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The parties also acknowledge that the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence. The parties stipulate to the following guidelines calculations:

a. Base Offense Level. The parties agree that the base offense level is 12. U.S.S.G. § 2H2.1(a)(2).

b. Specific Offense Characteristics. The parties agree that no other specific offense characteristics apply.

c. Chapter 3 Adjustments. The parties agree that, other than acceptance of responsibility, no other Chapter 3 adjustments apply.

d. Acceptance of Responsibility. The government agrees to recommend that the defendant receive a 2-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). Whether this reduction will be imposed shall be determined by the Court in its discretion. However, the defendant understands and agrees that the government's recommendations are conditioned upon the following: (1) the defendant testifies truthfully during the change of plea and sentencing hearings; (2) the defendant provides full, complete and truthful information to the United States Probation Office in the pre-sentence investigation; and (3) the defendant engages in no conduct inconsistent with acceptance of responsibility before the time of sentencing.

Nothing in this agreement limits the right of the government, pursuant to U.S.S.G. § 3E1.1 and/or § 3C1.1 to seek denial of a reduction for acceptance of responsibility or an adjustment for obstruction of justice should the defendant engage in any conduct inconsistent with acceptance of responsibility.

e. Criminal History Category. The parties believe that, at the time of sentencing, the defendant will fall into Criminal History Category I. U.S.S.G. § 4A1.1. This does not constitute a stipulation, but a belief based on an assessment of the information currently known. The defendant's actual criminal history and related status will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing. The defendant understands that if the presentence investigation reveals any prior adult or juvenile sentence which should be

       included within her criminal history under the U.S. Sentencing Guidelines, the defendant will be sentenced based on her true criminal history category, and she will not be permitted to withdraw from this Plea Agreement. U.S.S.G. § 4A1.1.

    f.    <u>Zero-Point Offender Adjustment</u>. Because the defendant has zero criminal-history points and no disqualifying conduct, the parties agree the defendant qualifies for a 2-level adjustment under U.S.S.G. § 4C1.1.

    g.    <u>Guidelines Range</u>. If the adjusted offense level is 8, and the criminal history category is I, the Sentencing Guidelines range is **0-6 months of imprisonment**.

    h.    <u>Fine Range</u>. If the adjusted offense level is 8, the Sentencing Guidelines fine range is $2,000 to $20,000. U.S.S.G. § 5E1.2(c).

    i.    <u>Supervised Release</u>. The Sentencing Guidelines' term of supervised release is 1 to 3 years. U.S.S.G. § 5D1.2.

9.    **Revocation of Supervised Release.** The defendant understands that if the defendant were to violate any supervised release condition while on supervised release, the Court could revoke the defendant's supervised release, and the defendant could be sentenced to an additional term of imprisonment up to the statutory maximum set forth in 18 U.S.C. § 3583(e)(3). *See* U.S.S.G. §§ 7B1.4, 7B1.5. The defendant also understands that as part of any revocation, the Court may include a requirement that the defendant be placed on an additional term of supervised release after imprisonment, as set forth in 18 U.S.C. § 3583(h).

10. **Discretion of the Court**. The foregoing stipulations are binding on the parties, but do not bind the Court. The parties understand that the Sentencing Guidelines are advisory and that their application is a matter that falls solely within the Court's discretion. The Court will make its own determination regarding the applicable Guidelines factors and the applicable criminal history category. The Court may also vary and/or depart from the applicable Guidelines range. If the Court determines that the applicable guideline calculations or the defendant's criminal history category is different from that stated above, the parties may not withdraw from this agreement, and the defendant will be sentenced pursuant to the Court's determinations.

11. **Agreements as to Sentencing Recommendation**. The parties are free to recommend whatever sentence they deem appropriate. The parties reserve the right to make motions for departures under the Sentencing Guidelines or for variances pursuant to 18 U.S.C. § 3553(a) and to oppose any such motions made by the opposing party. If the Court does not accept the sentencing recommendation of the parties, the defendant will have no right to withdraw his guilty plea.

12. **Special Assessment**. The Guidelines require payment of a special assessment in the amount of $100 for each felony count of which the defendant is convicted, pursuant to U.S.S.G. § 5E1.3. The defendant agrees to pay the special assessment.

13. **Disclosure of Assets.** The defendant will fully and completely disclose to the United States Attorney's Office the existence and location of any assets in which the defendant has any right, title, or interest, or over which the defendant exercises control, directly or indirectly, including those assets held by a spouse, nominee or other third party, or any business owned or controlled by the defendant. The defendant agrees to assist the United States in identifying, locating, returning, and transferring assets for use in payment of restitution, fines, and forfeiture ordered by the Court. The defendant agrees to complete a financial statement within two weeks of the entry of his guilty plea. The defendant further agrees to execute any releases that may be necessary for the United States to obtain information concerning the defendant's assets and expressly authorizes the United States to obtain a credit report on the defendant to evaluate the defendant's ability to satisfy financial obligations imposed by the Court. If requested by the United States, the defendant agrees to submit to one or more asset interviews or depositions under oath.

14. **Waivers of Appeal and Collateral Attack.** The defendant hereby waives the right to appeal any non-jurisdictional issues. This appeal waiver includes but is not limited to the defendant's waiver of the right to appeal guilt or innocence, any issues relating to the change-of-plea proceedings, the sentence imposed, the Guidelines calculations, any restitution

obligations, and the constitutionality of the statutes to which the defendant is pleading guilty.

The defendant also waives the right to collaterally attack her conviction and sentence under 28 U.S.C. § 2255 except based upon a claim of ineffective assistance of counsel. Further, this collateral-review waiver does not operate to waive a collateral challenge under 28 U.S.C. § 2255 based on new legal principles enunciated in Supreme Court case law decided after the date of this Plea Agreement that are both substantive and have retroactive effect. For purposes of this provision, legal principles that are substantive and retroactive are those that narrow the reach of the offense of conviction and render the defendant's conduct non-criminal or that render the sentence imposed illegal.

The defendant has discussed these rights with the defendant's attorney. The defendant understands the rights being waived, and the defendant waives these rights knowingly, intelligently, and voluntarily.

15.   **FOIA Requests.**   The defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

16.   **Venue Waiver.**

The defendant knowingly, willingly, and voluntarily waives any challenge to the venue of this prosecution in District of Minnesota.

17. **Statute of Limitations Waiver.**

The defendant agrees that, should the conviction following the defendant's plea of guilty pursuant to this agreement be vacated for any reason, any prosecution based on the conduct set forth in the Factual Basis above that is not otherwise time-barred by the applicable statute of limitations on the date of the signing of this agreement (including any counts that the government has agreed not to prosecute or to dismiss at sentencing pursuant to this agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this agreement and the commencement or reinstatement of such prosecution. It is the intent of this agreement to waive all defenses based on the statute of limitations with respect to any prosecution of conduct set forth in the Factual Basis that is not time-barred on the date that this agreement is signed.

18. **Complete Agreement.**  This, along with any agreement signed by the parties before entry of plea, is the entire agreement and understanding between the United States and the defendant. By signing this plea agreement, the defendant acknowledges: (a) that the defendant has read the entire agreement and has reviewed every part of it with the defendant's counsel; (b) that the defendant fully understands this plea agreement; (c) that no promises, agreements, understandings, or conditions have been made or entered into in

connection with his decision to plead guilty, except those set forth in this plea agreement; (d) that the defendant is satisfied with the legal services and representation provided by defense counsel in connection with this plea agreement and matters related to it; (e) that the defendant has entered into this plea agreement freely, voluntarily, and knowingly; and (f) that the defendant's decision to plead guilty in accord with the terms and conditions of this plea agreement is made of the defendant's own free will.

EDWARD P. SULLIVAN
Acting Chief
Public Integrity Section

JOSEPH H. THOMPSON
Acting United States Attorney

Date: June 24, 2025

BY: Harry M. Jacobs
Assistant United States Attorney
Jonathan E. Jacobson
Trial Attorney

Date: 6/24/25

Lorraine Combs
Defendant

Date: 6/24/25

Amy Conners
Counsel for Defendant